[707 NYS2d 852]

In the Matter of JOHN TAD SEAMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 24, 2000

8

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Brennan Fabriani & Novenstern, L. L. P.,* Mt. Kisco (*Sylvia L. Fabriani* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as this Court deems just and proper. The respondent cross-moves to be reinstated to the practice of law and for such relief as the Court deems just.

Charge One alleged that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (a) (1), (3), (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [1], [3], [4], [5], [8] [now (7)]).

On October 2, 1998, the respondent pleaded guilty to the crime of endangering the welfare of a child, in violation of Penal Law § 260.10 (1), in the County Court for Essex County, New York, a serious crime within the meaning of Judiciary Law § 90 (4) (d). He was sentenced on October 27, 1998, to a term of three years probation with additional conditions, including but not limited to continued cooperation with a mental health counseling program and restitution to the victim for any uninsured loss that he suffered.

Charge Two alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by endangering the welfare of a child.

During the respondent's plea allocution on October 2, 1998, he testified that in January or February 1992, in the Town of

Minerva in Essex County, he acted in a manner likely to be injurious to the physical, mental, or moral welfare of a then 14-year-old boy.

Based on the evidence adduced, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm is granted, and the respondent's cross motion is denied.

In reference to the appropriate measure of discipline to impose, the respondent contends that he does not constitute a danger to anyone, that the single isolated incident underlying the charges took place approximately eight years ago, that he enjoys an excellent reputation for honesty and integrity in the community, that he has fully cooperated with the Grievance Committee, and that the parents of the victim have accepted his apology. The respondent notes that he has complied with all of the conditions of his probation, including his continued cooperation with a mental health counseling program and his payment of restitution. He has been married for approximately 23 years to his wife, who was present at the hearing, and has a son and a daughter.

In further mitigation, the respondent submits that his criminal conduct did not directly arise from his actual practice of law and that he has already twice lost the use of his license as a result of these circumstances. The original term of probation is scheduled to terminate on October 26, 2001.

Under the totality of circumstances, the respondent is suspended from the practice of law for an additional two years.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, John Tad Seaman, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the two-year period, upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22

NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John Tad Seaman, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.